**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1860**

---

JOSHUA BROWN,

Plaintiff - Appellant,

v.

WHOLE FOODS MARKET GROUP, INC., d/b/a Whole Foods at Sharon Square,

Defendant - Appellee.

---

**No. 22-1915**

---

JOSHUA BROWN,

Plaintiff - Appellee,

v.

WHOLE FOODS MARKET GROUP, INC., d/b/a Whole Foods at Sharon Square,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cv-00401-MOC-DCK)

---

Submitted:  September 26, 2023                    Decided:  October 3, 2023

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Preston O. Odom, III, JAMES, MCELROY & DIEHL P.A., Charlotte, North Carolina, for Appellant/Cross-Appellee.  John Michael Durnovich, POYNER SPRUILL LLP, Charlotte, North Carolina; Melody H. Demasi, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, Atlanta, Georgia, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Brown appeals the district court's order entering judgment in favor of Whole Foods Market Group, Inc. ("Whole Foods"), following a jury trial on Brown's claim of racial discrimination. Brown originally filed suit in North Carolina state court, alleging that the actions of a Whole Foods employee—who called the police about Brown, a Black man—amounted to racial discrimination under 42 U.S.C. § 1981 and intentional infliction of emotional distress ("IIED") under North Carolina law. Whole Foods removed the action to the district court, and the court granted summary judgment to Whole Foods on Brown's IIED claim. Thereafter, the case proceeded to trial on Brown's § 1981 claim, and the jury returned a verdict in Whole Foods' favor. On appeal, Brown argues that the court erred in granting summary judgment to Whole Foods on his IIED claim, denying his Fed. R. Civ. P. 59 motion for a new trial, and admitting certain testimony. Finding no error, we affirm.[*]

We first address Brown's challenge to the district court's summary judgment ruling. "We review de novo a district court's award of summary judgment, viewing the facts in the light most favorable to the non-moving party." *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022). "Summary judgment is appropriate only when 'the

---

[*] Whole Foods noted a cross-appeal, but it acknowledges in its response brief that the arguments it raises in its cross-appeal are offered solely as an alternative basis for affirming the district court's judgment. In light of our decision to affirm, we decline to reach the merits of Whole Foods' cross-appeal. *See Hartman v. Duffey*, 19 F.3d 1459, 1465-66 (D.C. Cir. 1994) (noting appellate courts decline to consider protective cross-appeals unless "the main appeal results in modification of the judgment").

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

To succeed on his claim of IIED under North Carolina law, Brown was required to prove "(1) extreme and outrageous conduct by the defendant, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Turner v. Thomas*, 794 S.E.2d 439, 446 (N.C. 2016) (cleaned up). "[E]xtreme and outrageous conduct is that which exceeds all bounds of decency tolerated by society . . . and is regarded as atrocious." *Id.* (cleaned up). Here, viewing the facts in the light most favorable to Brown, a Whole Foods employee suspected Brown of shoplifting based on his race and called the police. However, the employee's encounter with Brown was calm and polite. Further, he accurately informed the police that, although he was worried Brown would leave without paying for his food, Brown had not actually stolen anything. And after the police resolved the situation and left the store, the employee did not pursue the matter further. Thus, viewing the facts in the light most favorable to Brown, the employee's motivations may have been morally suspect, but his actions were not so atrocious as to be "utterly intolerable in a civilized community." *Id.* We therefore conclude that the district court did not err in granting summary judgment to Whole Foods on Brown's IIED claim.

Turning to the district court's denial of Brown's motion for a new trial, we review the court's decision for abuse of discretion. *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 535 (4th Cir. 2021). "A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017).

4

On appeal, Brown argues that the jury's verdict is internally contradictory and inconsistent with the applicable law. In particular, he asserts that the jury's finding that he was treated differently than similarly situated White customers cannot be reconciled with its ultimate conclusion that his race was not the "but for" cause of the differential treatment. However, in order to prevail upon a § 1981 claim of race-based discrimination, a plaintiff must prove more than differential treatment. Rather, the plaintiff must "ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). The verdict was both consistent with this legal principle and internally consistent, as it reflected that the jury found that Brown proved differential treatment but failed to meet the causation element of his claim. Accordingly, the district court did not err in denying Brown's motion for a new trial.

Lastly, Brown challenges the district court's admission of the Whole Foods employee's testimony that other store employees told him that Brown had previously shoplifted from the store. Brown contends that this testimony was inadmissible hearsay. However, this testimony was offered not for the truth of the matter asserted, but to show the employee's state of mind and motive for approaching Brown and calling the police. Therefore, the testimony was not hearsay, and the court did not err in admitting the statements. *See* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement offered "to prove the truth of the matter asserted in the statement"); *United States v. Galecki*, 932 F.3d 176, 194 (4th Cir. 2019) (finding statements "offered not for their truth, but solely for their effect on Defendants' state of mind" were not hearsay).

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*